[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT AND TO ENFORCE PAYMENT OF TUITION DATED MAY 26, 1992 AND MOTION FOR MODIFICATION OF CUSTODY AND CHILD SUPPORT NO. 149.00
The parties came to this court and testified. It is clear from listening to the parties that their ability to communicate is almost nonexistent. This court is distressed that the mediation failed for what appear to be administrative problems. In any event, the wife testified to her financial needs. She testified that the oldest daughter Anna was threatened by the school not to be able to take her final exams unless the last $210.00 of the tuition payment for the academic year 1990-1991 CT Page 6171 was made. In addition, the plaintiff (hereinafter called the wife) as shown in her financial affidavit, borrowed $1,175.00 from her brother, John Cronin, in order to pay the tuition for Anna at Notre Dame in its entirety.
It is clear from a review of the parties' financial affidavits that neither of the parties is a substantial earner. The defendant's (hereinafter called the husband) income consists of his salary which for 1990 was shown as $26,300.00 but that included the travel expense. Exhibits C, D and E show that the pastor's salary in 1989 was $19,500.00, in 1990 it was $22,000.00 and in 1991 it was $22,000.00. In addition, in 1991 the church paid his FICA of $3,350.00, paid his health insurance and pension in the sum of $8,000.00, paid him continuing education of $200.00 and an automobile allowance of $4,300.00. In addition, it was undisputed that his present wife makes a contribution towards the expenses of the household. His shortfall presently is about $160.00 per week and he indicated in his testimony that she makes that contribution. In addition, he receives premises for his use and the use of his family which is a large four bedroom colonial, with large rooms, an attic, a cellar, and a garage. The wife described it as nicer property than her property.
The problem has been that although it is clear what the wife pays for rent, there was no expert testimony provided to show this court what the fair rental value of the husband's property was. This court does take note, however, though that it certainly has some value to him. This type of consideration is to be considered in the determinations necessary for the child support guidelines.
This court has had an opportunity to review the entire file including prior orders of the courts. Judge Bassick on July 22, 1991 found that the husband was not in contempt but ordered him to pay the tuition for the year 1990-1991. This court has further reviewed the Separation Agreement of the parties which was made an order of the court and particularly 6.3 which reads as follows:
 "The parties agree to bear any school tuitions equally for the education of any of their minor children for attendance at private schools as may mutually be agreed upon between the parties "
This court views high school as an entire package. One does not attend one year of high school and get a degree, one must complete the entire package. The parties in the beginning entered into an agreement that their daughter would attend Notre CT Page 6172 Dame High School. It was mutually agreed upon. The court finds this to be most credible testimony. Therefore, since high school is an entire package it means that both of the parties were obligated for the remaining years of high school. (Notre Dame is a private school within the meaning of 6.3.) The court further views the position of the father as unreasonable that in the last year of this girl's schooling that she should be forced to relocate and graduate from another school. Accordingly, the court finds that the father is responsible for Anna's school tuition.
He is ordered to pay one half of the school tuition for Anna for the year 1991-1992 in the sum of $1,750.00 within 30 days of the date of this order (credits to be given for any payments made). He is further ordered to pay one half of the tuition for the academic year 1992-1993 in the fashion requested by the school. If that allows monthly payments, he shall make the monthly payments directly to the school. Next year (1992-1993) the tuition at Notre Dame will be $3,970.00. There is a scholarship of $500.00 which means that there is due to the school $3,470.00, his half is $1,735.00. The wife is also ordered to pay that amount.
The court further orders that each of the parties pay one half of Attorney Rosenberg's fee for services as attorney for the children. The total bill was $1,650.00. The parties are ordered to pay $825.00. Each of the parties is ordered to contact Attorney Rosenberg on receipt of this decision to make arrangements for payment with her. When those arrangements are made, they are to be codified in a letter agreement which letter agreement is to be filed in the court for its perusal and review if necessary at some later date.
This court has reviewed the December 20, 1990 transcript of the proceedings before Judge Hauser where the $200.00 per week order has entered. The wife claims that the order should be retroactive to that date. This court has read that transcript and does not find the use of the words retroactive. The best that the court finds is that Judge Hauser used the words "and reserve the right to argue it de novo." Ballentine's Law Dictionary, Third Edition, defines de novo as "anew; over again; a second time." This language does not, in this court's opinion, make it retroactive until December 20th, but rather allowed the wife to introduce evidence on this matter without being prejudiced by the previous order. It is also clear under the statutes Section 46b-86 that support orders are only retroactive if they are served pursuant to Section 52-50. This motion was not served pursuant to Section 52-50. This court, however, does believe that it may order this matter retroactive to the date the hearing began and orders were made before me on CT Page 6173 March 9, 1992. It was contemplated at that time that there would be an agreement on that referral to the Family Relations Office. Accordingly, this court makes all child support orders retroactive to March 9, 1992.
The parties agree that the child support guidelines number for the husband is $208.00 per week based on his income as shown on his affidavit. The wife has done a comprehensive presentation which sets forth her claim that his income is more than shown on the husband's affidavit. The present wife makes a contribution to the husband's expenses of $163.97, which is the shortfall on the weekly expenses. It is also clear that the church pays utilities which they put back in as income at $65.89. Those items added to the husband's gross wages of $557.69 totals $787.55.
The court has reviewed the deviation criteria in this case. The court finds it would be inequitable or inappropriate in this case to follow the guidelines. The court has taken into consideration in deviating from the guidelines the gross income determination inclusions as set forth on page 10 of the guidelines includes "in kind" compensation. It provides that shelter may be an in kind contribution. The court finds that in this case shelter is an in kind contribution. The court finds that is another equitable factor to be considered and has considered that. Also, the court considers the best interest of the children particularly in light of the testimony of the mother that she wants to send her other daughter to school to Notre Dame and it appears that there may not be mutual agreement on that issue. The court has considered the fact that the husband has remarried and the wife is able to contribute to the expenses.
Accordingly, the court orders as weekly child support the sum of $300.00 per week. The court orders an immediate wage execution payable to Mary Cronin. While the wage execution is being placed the husband is ordered to pay to the wife directly the funds which are to be paid by checks on time on Friday of each week. The checks are to be made payable to "Mary Cronin." This order is retroactive until March 9, 1992. This court effectively then is computing this from March 13th, which would be the first Friday. The court finds there to be 16 weeks due as of June 26th. Accordingly, here is an arrearage found to be of $1,600.00. That arrearage is to be paid pursuant to Section 17-578(b)-5 at the rate of $10.00 per week until paid commencing with the first payment due under this order on June 26th.
The wife shall receive the benefits of the provisions of Section 46b-84(c)(1) of the Conn. Gen. Stats. and be allowed to apply to the husband's health insurance company directly for CT Page 6174 payment and reimbursement of the children's medical bills.
All other requests for relief by either of the parties not addressed herein has been denied
In rendering this decision, the court has taken into consideration all statutory criteria listed above and 46b-62
attorneys fees, 46b-84 child support and the child support guidelines.
Any disputes between the parties as to any amounts due hereunder or payments due hereunder are referred to the Family Relations Office for Mediation and if not resolved then to this court. All mediation to take place without the need for attorneys to be present.
EDWARD R. KARAZIN, JR., JUDGE